[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9245
The parties to this action have never been wed to each other, but are the parents of a minor child, Kelsey, born May 5, 1989. The plaintiff, Philip Savva, has acknowledged paternity; custody of the child is with the defendant, Maureen Dunn.
The defendant and the minor child are receiving assistance from the State Department of Income Maintenance.
On December 19, 1991, by agreement of the parties, the court, Higgins, J., ordered as visitation, that the plaintiff have the child each week from Saturday at 10:00 AM to Monday at 6:00 PM. The minor child is represented by counsel.
There is now before this court, the following motions: (1) Defendant's motion to compel, dated June 16, 1992; (2) Defendant's motion for contempt, dated March 16, 1992; (3) Defendant's motion for contempt dated July 24, 1992; and (4) Plaintiff's motion to amend visitation, pendente lite.
The aforesaid motions, having been fully heard, the court, based on a preponderance of the credible, admissible and relevant evidence finds and rules as follows.
The child involved herein has been subjected to an atmosphere of vindictiveness and name-calling between the parties. There is no doubt that unless the parties temporize their attitude towards each other, the traumatic effect of their mutual hostility will have an enduring negative influence on the child's development. The child has a right to as serene and tranquil an environment as is possible under the circumstances here. The parents, instead of venting their rage and animosity towards each other in the presence of the child, must work at and engender in the child an attitude of respect and esteem for the other parent.
CT Page 9246 Personal piques of the parents should be dealt with on an adult basis, not with harshness and out of control hysteria which are manifest in this case. The child must not be a pawn in the game of one-up-manship in which the parents are engaged. The incidents between the parties involving vituperation and loathing for each other must be curtailed in the best interest of the child.
Evidently, the child on occasion, balks at visitation time and expresses a reluctance to go with her father. The defendant seems to seize upon this behavior as an excuse to abridge the plaintiff's time with his child. Such behavior is unacceptable. The defendant must deliver the child for visitation despite the child's tantrums. Unless the child is ill, the defendant has an obligation to make the child available to visit her father and must do so despite the child's wishes.
A review of the file reveals a spate of motions for contempt followed by agreements. There should be no need for the court to step in and resolve every disagreement between the parties. The court can only urge the parties to consider the well being of the child and to learn to resolve their differences in an adult and civilized manner.
The court finds that both parties have acted obdurately in their dealings with each other. The court, considering the best interest of the child, rules as follows.
The plaintiff's motion to compel seeks privileged information with regard to the defendant and is hereby denied.
The plaintiff's motions for contempt are denied. Although the defendant's behavior borders on contempt, her actions are misguided and irresponsible rather than a deliberate violation of the courts order.
As to the defendant's motion to amend. The court finds merit to the defendant's request, therefor the plaintiff's visitation is changed to every other Saturday starting at 10:00 AM to Monday 6:00 PM. The defendant is now working and is entitled to every other weekend with her child. CT Page 9247
In sum, custody is to remain with the defendant with every other weekend visitation in the plaintiff, pendente lite as outlined above.
SPALLONE STATE TRIAL REFEREE